Filed
D.C. Superior Court
01/10/2021 15:30PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WILLIAM BURNEY )
1631 West Virginia Avenue, N.W., #1
Washington, D.C. 20002

    Plaintiff

v.

) Case No. 2021 CA 000061 B

OFFICER PHILLIP SUGGS
Fifth District Police Station
1805 Bladensburg Avenue, N.E.
Washington, D.C. 20002

OFFICER DAVID WALLACE
Fifth District Police Station
1805 Bladensburg Avenue, N.E.
Washington, D.C. 20002

)

OFFICER TRACEY WILLIAMS
Fifth District Police Station
1805 Bladensburg Avenue, N.E.
Washington, D.C. 20002

OFFICER LANCE BISHOP
Fifth District Police Station
1805 Bladensburg Avenue, N.E.
Washington, D.C. 20002

)

OFFICER KAMAU GREENE
Fifth District Police Station
1805 Bladensburg Avenue, N.E.
Washington, D.C. 20002

)

OFFICER ROBERTO ADAMS
Fifth District Police Station
1805 Bladensburg Avenue, N.E.
Washington, D.C. 20002

AND

THE DISTRICT OF COLUMBIA         )

Serve:

Muriel Bowser
Mayor of the District of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

And                              )

Karl Racine
Attorney General of the District of Columbia
441 4th Street, N.W.
Washington, D.C. 20001

    Defendants
_____  )

## COMPLAINT

Plaintiff hereby states the following complaint:

## PARTIES

1. Plaintiff is an individual residing at 1631 West Virginia Avenue, N.E., #1 Washington, D.C. 20002.

2. Defendant police officers are individuals with a business address at 1805 Bladensburg Avenue, N.W., Washington, D.C. 20002.

3. Defendant Lauren Griffin is an individual with a business address at 3320 Idaho Avenue, N.W., Washington, D.C. 20016.

4. Defendant District of Columbia is a municipal corporation.

## SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction over plaintiff's claims pursuant to District of Columbia Code Section 11-921.

5.

## PERSONAL JURISDICTION

6. This court has personal jurisdiction over defendants pursuant to District of Columbia Code Section 13-423 because defendants regularly transact business in the District of Columbia and because defendants caused tortious injury to plaintiff by an act or omission occurring in the District of Columbia.

## FACTS

7. On March 31, 2020, at approximately 9:00a.m., while at 1631 West Virginia Avenue, N.E., #1., Washington, D.C. 20002, plaintiff was falsely arrested for assault despite the fact that he had not committed an assault.. He was also grabbed and searched without his consent and subjected to excessive force during the conduct of the arrest by Officers Moore, Suggs, Wallace, Williams, Bishop, Page, Greene, and Adams

8. Officers Moore, Suggs, Wallace, Williams, Bishop, Page, Greene, and Adams were acting within the scope of their employment at the time of the arrest.

9. As a result of the false arrest and arrest without probable cause, plaintiff suffered the loss of his liberty and experienced severe mental and emotional distress. .

10. As a result of the assault and battery and excessive force which was used during the course of the arrest, plaintiff experienced injuries to his right arm, left leg, left hand and right pinky finger and pain and suffering and was forced to undergo medical treatment and incur medical expenses.

11. The actions taken by the defendant police officers may have been motivated by actual malice, conscious and deliberate violence and wrongdoing, evil or wrongful motive, intent to injure and ill will.

12. Plaintiff provided notice of his claim for false arrest, assault and battery, arrest without probable, false imprisonment and excessive force pursuant to District of Columbia Code Section 12-309 on August 5, 2020.

## COUNT ONE
## (FALSE ARREST)

13. Plaintiff incorporates all prior allegations contained in paragraphs one through twelve by reference into paragraph thirteen of Count One.

14. By arresting plaintiff without legal justification, defendants falsely arrested plaintiff.

15. The District of Columbia is liable for the actions taken by the defendant police officers pursuant to the doctrine of *respondeat superior*.

16. As a result of the false arrest, plaintiff suffered the loss of his liberty and experienced severe mental and emotional distress. .

## COUNT TWO
## (ASSAULT)

17. Plaintiff incorporates all prior allegations contained in paragraphs one through sixteen by reference into paragraph seventeen of Count Two.

18. The Defendant police officers assaulted plaintiff by causing im to reasonably apprehend that se would be subjected to imminent harmful and offensive contact.

19. Defendant District of Columbia is liable for this assault pursuant to the doctrine of *respondeat superior*.

20. As a result of the assault, plaintiff suffered experienced severe mental and emotional distress.

## COUNT THREE
## (BATTERY)

21. Plaintiff incorporates all prior allegations contained in paragraphs one through twenty by reference into paragraph twenty-one of Count Three.

22. The Defendant police officers battered plaintiff by touching him without his consent and without having legal justification for doing so.

25. The District of Columbia is liable for the actions taken by the Defendant police officers pursuant to the doctrine of *respondeat superior*.

26. As a result of the assault and battery and excessive force which was used during the course of the arrest, plaintiff experienced injuries to his right arm, left leg, left hand, right pinky finger and pain and suffering was forced to undergo medical treatment and incur medical expenses.

## COUNT FOUR
## (VIOLATION OF 4TH AMENDMENT RIGHTS, 42 U.S.C. SECTION 1983)
## (ARREST WITHOUT PROBABLE CAUSE)

27. Plaintiff incorporates all prior allegations contained in paragraphs one through twenty-six by reference into paragraph twenty-seven of Count Four.

28. At the time that he was arrested, plaintiff had the constitutional right, pursuant to 42 U.S.C. Section 1983 and the 4th Amendment to the United States Constitution to be free from arrest without probable cause. This right was a clearly established right at the time that the plaintiff was arrested.

29. While acting under color of state law, the defendant police officers knowingly deprived plaintiff of his 4th Amendment right to be free from arrest without probable cause by arresting plaintiff without probable cause to believe he had committed a crime.

30. As a result of the arrest without probable cause and false imprisonment, plaintiff suffered the loss of his liberty and experienced severe mental and emotional distress.

## COUNT FIVE
## (VIOLATION OF 4TH AMENDMENT RIGHTS, 42 U.S.C. SECTION 1983)
## (EXCESSIVE FORCE)

31. Plaintiffs incorporate all prior allegations contained in paragraphs one through thirty by reference into paragraph thirty-one of Count Five.

32. At the time that he was arrested, plaintiff had the constitutional right, pursuant to 42 U.S.C. Section 1983 and the 4th Amendment to the United States Constitution to be free from the use of excessive force during the course of an arrest. This right was a clearly established right at the time that the plaintiff was arrested.

33. While acting under color of state law, the defendant police officers knowingly deprived plaintiff of his 4th Amendment right to be free from the use of excessive force by using excessive force during the course of an arrest.

34. As a result of the assault and battery and excessive force which was used during the course of the arrest, plaintiff experienced injuries to his right arm, left arm, left hand, and right pinky finger and pain and suffering and was forced to undergo medical treatment and incur medical expenses.

## DEMAND

WHEREFORE, plaintiff demands that this Court enter judgment in his favor and award him compensatory damages in the amount of Three Hundred Thousand Dollars ($300,000.00) and punitive damages in the amount of One Million Dollars

($1,000,000.00) plus post-judgment interest, costs, and such other and further relief as the nature of this case may require.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted:
/s/ James A. DeVita
James A. DeVita, Esq., D.C. Bar #370578
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703-351-5015(o)
703-351-7977(facsimile)
jdevitalaw@gmail.com
Attorney For Plaintiff

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

WILLIAM BURNEY
   Vs.                                           C.A. No.    2021 CA 000061 B
Officer PHILLIP SUGGS et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                            Chief Judge Anita M. Josey-Herring

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date:        January 11, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, April 23, 2021
Location:  Courtroom 318
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

Civil Remote Hearing Instructions for Participants

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page



AUDIO ALTERNATIVE: Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

For Technical Questions or issues Call: (202) 879-1928, Option #2

3

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | WebEx Direct URL | WebEx Meeting ID |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

4

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |